1   **WO**

2

3

4

5

6               **IN THE UNITED STATES DISTRICT COURT**

7               **FOR THE DISTRICT OF ARIZONA**

8

9   John Anthony Majalca,                    No. CV-23-00398-TUC-JCH

10                  Petitioner,               **ORDER**

11  v.

12  Ryan Thornell, et al.,

13                  Respondents.

14

15          In late August 2023, Majalca filed a habeas corpus petition. Doc. 1. He alleges that

16  his Fourth Amendment rights were violated when officers extended a traffic stop to allow

17  time for a canine unit to arrive, that he was denied effective legal counsel at every critical

18  stage of the proceedings, and that he was denied a full and fair hearing of his Fourth

19  Amendment claim. *Id.* at 6–7. He requests an evidentiary hearing. *Id.* at 11.

20          Before the Court is Magistrate Judge Jacqueline M. Rateau's Report and

21  Recommendation ("R&R"). Doc. 14. Judge Rateau recommends this Court dismiss

22  Majalca's Petition and deny his request for an evidentiary hearing. *See id.* at 26–27, Majalca

23  objected, Doc. 20, and Thornell responded. Doc. 24. After independent review, the Court

24  will adopt the R&R in full.

25  **I.    Legal Standard**

26          A district court reviews objected-to portions of an R&R de novo. 28 U.S.C.

27  § 636(b)(1); *see also* Fed. R. Civ. P. 72(b); *United States v. Remsing*, 874 F.2d 614, 617

28  (9th Cir. 1989). Failure to timely object may be considered a waiver of a party's right to de

novo consideration of the issues. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121–22

1   (9th Cir. 2003) (en banc). The advisory committee's notes to Rule 72(b) of the Federal

2   Rules of Civil Procedure state that "[w]hen no timely objection is filed, the court need only

3   satisfy itself that there is no clear error on the face of the record in order to accept the

4   recommendation" of a magistrate judge. Fed. R. Civ. P. 72(b) advisory committee's note to

5   1983 addition; *see also Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999).

6   "[G]eneral objections to an R&R are tantamount to no objection at all." *Sullivan v.*

7   *Schriro*, No. CV-04-1517-PHX-DGC, 2006 WL 1516005, at *1 (D. Ariz. May 30, 2006)

8   (collecting cases); *see also* Fed. R. Civ. P. 72(b) ("[A] party may serve and file *specific*

9   written objections to the proposed findings and recommendations") (emphasis added);

10  *Curtis v. Shinn*, No. CV1904374PHXDGCJZB, 2021 WL 4596465, at *5 (D. Ariz. Oct. 6,

11  2021) ("The Court has no obligation under Rule 72 to consider [a petitioner's] arguments

12  that are repetitive or general and non-specific to the R&R"); *Warling v. Ryan*, No. CV 12–

13  01396–PHX–DGC, 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) ("[A] general

14  objection "has the same effect as would a failure to object.'") (citations omitted).

15  **II.    Analysis**

16  Majalca mostly fails to identify what specifically the R&R got wrong. Instead, he

17  simply repeats the arguments he made before Judge Rateau. *Compare, e.g.*, Doc. 20, *with,*

18  *e.g.*, Doc. 13. "[M]erely reasserting the grounds of the petition as an objection provides

19  this Court with no guidance as to what portions of the R&R [Majalca] considers to be

20  incorrect." *McDowell v. Richardson*, No. CV-11-0716-PHX-DGC, 2012 WL 393462, at

21  *2 (D. Ariz. Feb. 7, 2012). To the extent Majalca generally objects to the R&R, the Court

22  will adopt the R&R as though Majalca did not object. The Court will also adopt the R&R

23  after carefully considering Majalca's individual arguments, even though most raise no

24  specific issue with the R&R.

25  **A.  Fourth Amendment claims**

26  Majalca argues that his Fourth Amendment claims are cognizable because he never

27  received a full and fair opportunity to litigate them. Doc. 20 at 1–11. He continues to

28  believe that his traffic stop was unconstitutionally prolonged because the officers lacked

1   reasonable suspicion. *See, e.g.*, Doc. 20 at 5–6. Majalca made these arguments in his

2   Petition, Doc. 1 at 8, and on reply. *See generally* Doc. 13. He also made them through

3   counsel in two motions to suppress, Doc. 10-1 at 9–18, 50–51, at evidentiary hearings on

4   the motions, Doc. 10-2 at 98–178, 184–229, through appellate counsel to the Arizona Court

5   of Appeals, Doc. 10-1 at 158–68, in a pro se Rule 32 Motion for Post-Conviction Relief,

6   Doc. 10-1 at 264–71, and in a pro se appeal of his Rule 32 disposition. Doc. 10-2 at 4–56.

7   Majalca has received a fair and full opportunity to litigate his claims. He objects only to

8   the outcome. That is an insufficient reason to reject the R&R.

9           After independent review, the Court will overrule Majalca's objection as to his

10   Fourth Amendment claims and will adopt Judge Rateau's recommendation Majalca's

11   Fourth Amendment claims are non-cognizable on habeas review.

12   **B.  Ineffective assistance of counsel**

13           Majalca also argues that he has been denied competent legal counsel. Doc. 20 at 11–

14   14. First, this argument fails for procedural default and lack of exhaustion. The factual

15   basis of Majalca's argument in the Petition, Doc. 1 at 7 (counsel was ineffective as to

16   suppression hearing), is different from and expanded compared with the basis presented to

17   the PCR court, Doc. 10-1 at 269 (counsel was ineffective as to pre-trial investigation),

18   which in turn was different from his appeal from the PCR court's initial ruling. Doc. 10-2

19   at 13 (counsel was ineffective as to suppression hearing). Majalca objects that a failure to

20   conduct a reasonable pretrial investigation "would include the evidentiary hearing." Doc.

21   20 at 11. But Majalca's PCR argument was explicitly focused on counsel's perceived failure

22   to investigate the underlying issues and demand a probable-cause hearing. Doc. 10-1 at

23   269. That is different from disputing counsel's perceived failures at the suppression

24   hearing. Majalca also objects that his arguments could not have changed between his PCR

25   motion and his PCR appeal, Doc. 20 at 11, noting the appellate court found his PCR appeal

26   was "for the most part, a verbatim copy of [the PCR] petition." Doc. 10-2 at 71. But one

27   exception discussed by the PCR appellate court was Majalca's ineffective-assistance-of-

28   counsel claim. *See* Doc. 10-2 at 72 n.1. Majalca therefore fails to satisfy the exhaustion

1    requirement by pursuing a claim "throughout one entire judicial post-conviction process

2    available in the state." *Casey v. Moore*, 386 F.3d 896, 916 (9th Cir. 2004). Majalca's

3    argument is also procedurally defaulted because it does not "fit into a narrow category of

4    claims for which a successive PCR petition is permitted." Doc. 14 at 19 (providing

5    examples).

6            Second, Majalca's argument is unpersuasive even if it were not procedurally

7    defaulted and unexhausted. Majalca identifies no error on the part of his appellate counsel.

8    As for his trial counsel, that representation did not fall below "an objective standard of

9    reasonableness" because counsel made "extensive efforts to present these claims on behalf

10   of Majalca, both at the pretrial stage and upon filing and supporting two motions to

11   suppress." Doc. 10-2 at 72. The cherry-picked statements and records Majalca emphasizes

12   once again do not suggest any error below. *See* Doc. 20 at 7–9; Doc. 10-2 at 18–52. For

13   example, contrary to Majalca's assertion, Officer Jove's observations occurring "in between

14   the February [2018] and [] August [2018]," Doc. 10-2 at 29, is compatible with Majalca

15   moving out in May 2018, Doc. 10-2 at 31, because February, March, April, and May are

16   "in between" February and August. And in any event, Officer Jove said only that "[i]t

17   appeared to me that Mr. Majalca was still living or staying or frequenting that []

18   apartment[.]" Doc. 10-2 at 29. That could have been true even in August, when Majalca

19   says he was no longer living at his former apartment. The rest of Majalca's preferred

20   evidence is similarly inconclusive and unpersuasive. Considering its shortcomings, the

21   Court finds that his trial and appellate counsel represented him reasonably well.

22           Finally, even if Majalca's trial or appellate counsel did not reasonably represent him,

23   Majalca was not prejudiced. The trial and appellate courts based their decisions on more

24   evidence than those portions Majalca now disputes. For example, the limited portion of the

25   evidentiary hearing transcript available to the Court shows that trial counsel was far more

26   engaged in Majalca's defense than Majalca suggests. *Compare* Doc. 10-2 at 184–228, *with*

27   Doc. 20 at 12 (characterizing counsel's efforts as filing motions but "fail[ing] to stand

28   behind those motions in the hearing itself"). Appellate counsel identified the error Majalca

1   complains of in the trial court's ruling, Doc. 10-1 at 159–161, and the appellate court agreed

2   it was an error but affirmed on a different basis—the presence of reasonable suspicion.

3   Doc. 10-1 at 217. The court held that reasonable suspicion was supported by Majalca's

4   traffic violations, which he no longer contests. *See* Doc. 10-1 at 217; Doc. 13 at 11. The

5   appellate court also held that reasonable suspicion was supported by the totality of the

6   circumstances. Doc. 10-1 at 217 (considering (1) information received about Majalca's

7   involvement in the sale of narcotics; (2) surveillance of Majalca's apartment; (3) the

8   location where Majalca was observed going into a suspected narcotics residence; (4) his

9   driving patterns consistent with a "heat run"; and (5) his evasive responses to questions

10   about his whereabouts and traffic violations). Considering the range of alternative bases

11   for the courts' rulings, Majalca's arguments fail to identify evidence or counsel conduct that

12   could have produced a different result.

13   After independent review, the Court will overrule Majalca's objections as to

14   ineffective assistance of counsel and will adopt Judge Rateau's recommendation that

15   Majalca's claim is procedurally defaulted and unexhausted without excuse.

16   **C. Evidentiary hearing**

17   Majalca also argues that an evidentiary hearing is mandatory. *See* Doc. 20 at 14.

18   "AEDPA prohibits an evidentiary hearing where a petitioner has not been diligent in

19   pursuing his claims in state court." *Ochoa v. Davis*, 50 F.4th 865, 890–91 (9th Cir. 2022)

20   (citing 28 U.S.C. § 2254(e)(2)). Additionally, the Court "must consider whether [an

21   evidentiary hearing] could enable an applicant to prove the petition's factual allegations,

22   and whether those allegations, if true, would entitle him to relief." *Id.* at 891 (citing *Schriro*

23   *v. Landrigan*, 550 U.S. 465, 474 (2007)) (internal quotation mark omitted).

24   As discussed above, Majalca's Fourth Amendment claims are non-cognizable, and

25   his ineffective assistance of counsel claim is unexhausted and procedurally defaulted. Thus,

26   Majalca was not diligent in pursuing his claims in state court, and an evidentiary hearing

27   is prohibited. Even if it were not prohibited, the Court would not exercise its discretion to

28   hold one. Even granting that an evidentiary hearing would enable Majalca to prove the

1   Petition's allegations, which is not at all clear, Majalca's allegations would not entitle him

2   to relief. Majalca's dispute is not based on an error in the state court process, which

3   convicted him after a full and fair opportunity to defend himself. In seeking "full freedom

4   to present his case to the federal court," Doc. 20 at 16, he essentially asks for another bite

5   at the apple. But the evidence he seeks to admit could not have changed the outcome

6   because the trial and appellate courts had ample alternative grounds for their rulings.

7          After independent review, the Court will overrule Majalca's objection as to an

8   evidentiary hearing and adopt the Judge Rateau's recommendation to deny Majalca's

9   request for an evidentiary hearing.

10  **III.     Order**

11         Accordingly,

12         **IT IS ORDERED ADOPTING IN FULL** the R&R (Doc. 14).

13         **IT IS FURTHER ORDERED DENYING** the Petition (Doc. 1). The Clerk of the

14  Court shall dismiss this case with prejudice.

15         **IT IS FURTHER ORDERED DENYING** Petitioner's request for an evidentiary

16  hearing (Doc. 1 at 1).

17         **IT IS FURTHER ORDERED DENYING AS MOOT** Petitioner's "Motion for

18  Clarification" (Doc. 25).

19         Dated this 7th day of June, 2024.

20

21

22

23                                                    John C. Hinderaker
                                                      United States District Judge
24

25

26

27

28